**SEELBACH et al.**

v.

**CITIZENS FIDELITY BANK & TRUST CO. et al.**

Court of Appeals of Kentucky.

May 28, 1954.

———————◆———————

Ernest Woodward, II, Woodward, Hobson & Fulton, Louisville, for appellant.

J. Donald Dinning, Louisville, for Citizens Fidelity Bank & Trust Co.

Randolph A. Brown, Louisville, for Kathryn Seelbach.

MILLIKEN, Justice.

Citizens Fidelity Bank & Trust Company, as successor trustee under the will of Charles Seelbach, brought this action under the Declaratory Judgment Act, KRS 418.040 et seq., for the purpose of ascertaining to whom to distribute the income of the trust. The will was executed in 1911 and probated in 1912.

After special bequests to a brother, a named daughter-in-law, and his son, Charles Henry Seelbach, the testator bequeathed the remainder of his estate in trust, the net income of which was to be distributed to his wife during her life, and after her death, which occurred in 1944, one-half of the trust fund was to be distributed equally among his three sons and the remaining half, denominated herein as "Trust A", was to be held in trust for "ten years from the time of division, and the income to be paid in equal parts to my three sons; after which time it shall be divided equally between them share and share alike."

One of the sons died in 1929, unmarried and without issue. Thus, when the testator's widow died in 1944 only two of his sons were alive, Julius Caspar Seelbach, the appellant, and Charles Henry Seelbach, who died in 1952 survived by his widow, Kathryn Seelbach, one of the appellees. The testator's two daughters never married, joined a religious order, and resided in convents. One of them, Emma Seelbach, died in 1936, and the other, Mary Helen Seelbach, is still in a convent. Section Seven of the will provided that if either of the daughters ever left the convent she was to share equally with the sons.

In May, 1945, the trustee accordingly divided one-half of the corpus of the estate equally between these two sons and paid the income from the other half to them in equal shares until the death of Charles Henry Seelbach in August, 1952. Since

that time the trustee has paid to Julius Caspar Seelbach his half of the income from "Trust A", but has not paid to Kathryn Seelbach her husband's half of the income.

The trustee brought this action to have the will of Charles Seelbach construed in order to determine whether according to its terms the widow of Charles Henry Seelbach was entitled to receive her husband's share of the income of "Trust A" until its termination in May, 1955, or whether Charles Henry Seelbach's share of this income passed instead to Julius Caspar Seelbach in view of the fact that Charles Henry Seelbach left no children surviving him.

The crux of the controversy is the eighth section of the will, which provides:

"*Eighth:* In the event of the death of either of the three sons, before the distribution of my estate, and such son should leave a wife or children, said surviving wife or children shall receive his income or principal as would the husband or father had he been living, but should he die without leaving issue, and my daughters be in the convents, at the time of his death, his part of the estate, income or principal shall go, equally, to his brothers."

The appellants contend that the section is ambiguous, and that the chancellor erred when he decided that the daughter-in-law, Kathryn Seelbach, was to receive the income as her husband would have done if he were living. The appellants contend that the will manifests an over-all intent on the part of the testator to keep his property in his family, and only to benefit a daughter-in-law who had borne his grandchildren. They further argue that the law favors a construction of a will in a situation like this which would cause the property to devolve more nearly in conformity to the general law of inheritance, citing Robinson v. Van Spreckelsen, 287 Ky. 705, 155 S.W.2d 30, at page 32.

The language of the prior portion of Section Eight certainly evinces an intention to take care of the surviving wife of a deceased son of the testator. Had the testator not intended to do that very thing—had he intended to keep his money in his immediate family as contended by appellants—it hardly seems likely that he would have allowed such clear language of an intention to take care of a daughter-in-law to get into his will. It is the latter portion of Section Eight which causes the trouble—the part beginning with the conjunction "but." It is our conclusion that the language of this latter part was intended to provide for the situation which might arise in case one of the sons never married or died without either a surviving wife or children, and the testator's daughters were still in the convents. In such a situation the testator did not want his trust property to pass to his daughters in the convents, but to pass to his surviving sons. This interpretation is consistent with Section Seven of the will heretofore mentioned and with the tenor of the will taken as a whole. In other words, it is our conclusion that the latter part of Section Eight was not intended to limit the provision for a daughter-in-law in the prior portion of Section Eight, that the failure to use the words "wife or children" in the latter part of Section Eight as was done in the prior part, and the use of the word "issue" as a substitute therefor, was a mistake of the draftsman of the will and not a reflection of the intention of the testator. Therefore, it is our conclusion that the wife is an "issue" within the meaning of this will as wives so often are in life.

The judgment is affirmed.